ARMOUR FERTILIZER WORKS, demandante y apelante, *v.* JOSÉ H. RAMÍREZ, demandado y apelado.

Núm. 7372.—*Sometido:* Noviembre 12, 1937. *Resuelto:* Enero 25, 1938.

*R. Buscaglia,* abogado de la apelante; *Susoni & Defendini,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La corte de distrito ordenó el "embargo" de "todo y cualquier remanente que hasta las sumas reclamadas en este caso pueda sobrar al demandado por concepto de liquidación del contrato de refacción, siembra y molienda de cañas celebrado con la Loíza Sugar Company para las zafras de 1934 a 1936, inclusive." La orden disponía la expedición de un mandamiento por el secretario, que debía ser notificado a la Loíza Sugar Company y al demandado Ramírez. Este se dió por notificado de un escrito dirigídole por el secretario. El mandamiento fué expedido por el secretario de la corte y notificado por el márshal al secretario de la Loíza Sugar Company, dejándole copia del mismo. De conformidad con los términos del mandamiento, la Loíza Sugar Company fué notificada del "embargo" y se le requirió para que se abstuviera de pagar al demandado todo y cualquier remanente que hasta las sumas que se reclaman en la demanda en este caso pueda sobrar al demandado por concepto de liquidación del contrato de refacción, siembra y molienda de cañas celebrado con ella para las zafras de 1934 a 1936, inclusive, debiendo en su lugar proceder a depositar en la secretaría de la corte, sujetos a las consecuencias del litigio, los dichos remanentes, si los hubiere, durante las citadas zafras.

El demandado radicó una moción solicitando la nulidad del "embargo" por los siguientes motivos:

"*Tercero*.—Que dicho embargo fué trabado mediante notificación diligenciada por el secretario de este Tribunal y no por el Márshal de esta Corte, que es el único funcionario autorizado por la Ley para practicar embargos sobre bienes muebles.

"*Cuarto*.—Porque la demandante embargó cantidades ilíquidas las que a la fecha del embargo no estaban a disposición del demandado.

"*Quinto*.—Porque de acuerdo con la Ley especial en la materia el embargo de bienes muebles se practica depositando los bienes de que se trata en poder del Tribunal o de la persona designada por éste, bajo la responsabilidad del demandante, siendo lo cierto, que este Tribunal en ningún momento designó depositario del dinero que se pretendía embargar, estando dicho dinero sin liquidar a la fecha del embargo y estando aún en poder de la Loíza Sugar Co. sin que ésta ni ninguna otra persona o entidad hubiere sido designada depositaria, tal y como lo dispone el Artículo 10 de la ley antes mencionada sobre Aseguramiento de Efectividad de Sentencias."

El juez de distrito sostuvo el primero de estos tres motivos aducidos en el párrafo tercero de la moción del demandado, pero no resolvió los motivos segundo y tercero alegados en los párrafos cuarto y quinto, supra. El alegato de la apelante tampoco discute los motivos segundo y tercero de la moción del demandado. El apelado no ha radicado alegato.

El llamado "embargo" no fué tanto un embargo en el sentido ordinario de la palabra, como un secuestro de bienes en poder de un tercero (*garnishment*). Si el remanente que resulte a favor de un colono al liquidarse un contrato de refacción agrícola y molienda de cañas puede ser objeto de tal secuestro (*garnishment*), es una cuestión importante que debe ser resuelta en primera instancia por la corte de distrito, luego de debatirse la cuestión adecuadamente. De propia iniciativa y sin la ayuda de los letrados, no resolveremos por ahora la cuestión. El juez de distrito, conforme hemos visto, estuvo equivocado al asumir que el mandamiento de embargo había sido notificado a la Loíza Sugar Company por el secretario y no por el márshal. Por tanto, el único fundamento en que basó su orden para anular el "embargo"

no existía. De exigirse la notificación al demandado, la notificación formal y absoluta héchale por escrito personalmente por el secretario, era suficiente.

*Debe revocarse la orden recurrida y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.